UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JEROME M. PUYAU,<br>            Plaintiff | CASE NO.  6:19-CV-1185 |
| VERSUS | JUDGE SUMMERHAYS |
| LAURA LEBEOUF; KIBBIE<br>PILLETTE; DR. DAVID DUPUIS;<br>SARA DUPLECHAIN; AND THE<br>VERMILION PARISH SCHOOL<br>BOARD;<br>            Defendants | MAGISTRATE JUDGE WHITEHURST |

## PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER and ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff Jerome Puyau, is the Superintendent of the Vermilion Parish School District as well as secretary and treasurer of the Vermilion Parish School Board and brings this action to redress violations of his federal constitutional rights by Defendants, Laura Lebeouf, Kibbie Pillette, Dr. David Dupuis and the Vermilion

Jerome M.  Puyau v.  Laura Leboeuf, et al; DN: 6:19-CV-1185-RRS-CBW
*Plaintiff's Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue*
**Page 1 of 8**

Parish School Board and, among other claims for relief, to enjoin the defendants in their efforts to terminate his employment as superintendent. Accordingly, the Plaintiff hereby applies to this Court, pursuant to Fed. R. Civ. P. 65 and Local Rule 65.1, for a temporary restraining order (TRO) and preliminary injunction against Defendants, Laura Lebeouf, Kibbie Pillette, Dr. David Dupuis and the Vermilion Parish School Board. Plaintiff has filed a verified complaint with this Court.

The Plaintiff seeks this TRO and preliminary injunction to enjoin and restrain the Vermilion Parish School Board from suspending and otherwise preventing the Plaintiff from performing the duties and obligations imposed by the laws of the State of Louisiana and the contract of employment existing between the Superintendent and the Vermilion Parish School Board.

On August 6, 2018 the school board, without authority and without notice and opportunity to be heard, voted to place the Plaintiff on administrative leave with pay while an investigation was undertaken.

On September 7, 2018, a hearing was conducted by Mr. Ed Abell who had been selected as the administrative hearings officer by the school board. On September 14, 2018 Mr. Abell rendered his judgment and found in favor of the Plaintiff. Mr. Abell, after considering the evidence, and noting the hostility of some of the school

Jerome M.  Puyau v.  Laura Lebeouf, et al; DN: 6:19-CV-1185-RRS-CBW
*Plaintiff's Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue*
Page 2 of 8

members toward the Plaintiff, determined that the school acted arbitrarily, capriciously and without cause in suspending the Plaintiff.  Mr. Abell concluded that the Plaintiff should be immediately restored to his office.

On September 12, 2018 a member of the school board was advised by an attorney, Dannie P. Garrett, III, that there was no statutory authority for the to have placed the Plaintiff on paid or unpaid administrative leave.

On July 25, 2019, the Vermilion Parish School Board, without authority and without providing notice and an opportunity for a hearing, placed the Plaintiff on administrative leave pending an investigation.  As conditions of his suspension, the Plaintiff is:

    a.    prohibited from performing any duty incumbent upon the superintendent of schools, including, but not limited to, the hiring, firing, placement, or termination of any employee;

    b.    prohibited from entering any premise or property owned or operated by the Vermilion Parish School Board;

    c.    prohibited from administratively accessing, modifying, or amending any electronic information owned by the  Vermilion Parish School Board;

    d.    prohibited from communicating with anyone, including, but not limited to  Vermilion Parish School Board employees and the media on  behalf of the  Vermilion Parish School Board or the school system; and,

Jerome M.  Puyau v.  Laura Leboeuf, et al; DN: 6:19-CV-1185-RRS-CBW
*Plaintiff's Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue*
Page 3 of 8

e.      prohibited from retaining any and all  Vermilion Parish School Board property; and,

f.      to cooperate with the special counsel in the course of the investigation and disclose all documents and other materials used or produced in the course of his employment.

On the same day, the Vermilion Parish School Board issued a resolution to retain counsel to conduct an investigation of the Plaintiff.   According to the resolution, serious matters concerning the Plaintiff had come before the Vermilion Parish School Board, including but not limited to, his 1) failing to put items on the agenda; 2) failing to acknowledge and implement Vermilion Parish School Board action on May 30, 2019 to eliminate the position of Risk Manager/Legal Counsel (in effect terminate the person holding that position); 3) failing to acknowledge and implement Vermilion Parish School Board action on May 30, 2019 to name the law firm of Hammonds, Sills, Adkins and Guice as  General Counsel for the school board and to direct all legal matters concerning the school system be referred to that firm for handling; 4) hiring administrative personnel who do not meet the qualifications outlined in the school board approved job description; 5) authorizing the payment of private attorney fees with school board funds without knowledge or approval of the school board; and, 6) any other matters that should be discovered through a thorough

Jerome M.  Puyau v.  Laura Leboeuf, et al; DN: 6:19-CV-1185-RRS-CBW
*Plaintiff's Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue*
**Page 4 of 8**

investigation of these and other matters.  By letter dated July 25, 2019, Laura Lebeouf advised the Plaintiff of the conditions of his suspension.

Although termed by the Vermilion Parish School Board as "administrative leave with pay" the school board has effectively stripped the Plaintiff of his statutory authority to act as chief executive officer of the Vermilion Parish School District, removed him from office, commanded he not speak to school board employees, remain off school board property and have otherwise violated his contract by denying to him an opportunity to meet his performance objectives and targets.  The Vermilion Parish School Board  has imposed punitive measures predicated on the basis of allegations levied against the Plaintiff  for which he was not provided with notice and an opportunity to be heard.  Moreover, these actions have been taken without authority.  Although an investigation may be undertaken, it does not follow that suspension which is tantamount to removal from office is an appropriate, authorized measure to carry out such an investigation.

Plaintiff has suffered and continues to suffer irreparable injury through the actions of the Vermilion Parish School Board.  Although the Plaintiff continues to fulfill his statutory and contractual obligations, the school board has resorted to judicial action to prevent the Plaintiff from carrying out the duties of his office.  Moreover, the conditions of his suspension prohibits the Plaintiff from speaking with

Jerome M.  Puyau v.  Laura Lebeouf, et al; DN: 6:19-CV-1185-RRS-CBW
*Plaintiff's Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue*
Page 5 of 8

and otherwise associating with his professional peers in the Vermilion Parish School District.  He has been forbidden from proceeding onto school board property.  Indeed, Kibbie Pillette has accused the Plaintiff of trespass and demanded his arrest.

Plaintiff has lost job opportunities as a result of the actions of the school board. He and his family have been and continues to be subjected to severe emotional distress.  Plaintiff continues to be subjected to groundless law suits that constitute malicious prosecution and abuse of process.

Additionally, there is a likelihood that Plaintiff will succeed on the merit of this action. The defendants have failed to establish the existence of any authority through which they can justify suspending the Plaintiff.  As far as can be ascertained, and of which the defendants were made aware, there is no authority for suspending the Plaintiff from his office.  Moreover, judicial removal is available to remove an employee such as the Plaintiff only for a criminal conviction that has become final and no longer appealable.   Plaintiff has no criminal conviction.

Furthermore, the denial of notice of charges and a hearing before suspending the Plaintiff denies him his due process rights.  Plaintiff has been ordered removed from his office and an interim superintendent appointed without notice and without a hearing.  The harm to Plaintiff is evidenced by the law suits he has been subjected to by the school board and members of the school board.

Jerome M.  Puyau v.  Laura Leboeuf, et al; DN: 6:19-CV-1185-RRS-CBW
*Plaintiff's Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue*
Page 6 of 8

By this application Plaintiff also seeks to enjoin Defendants Laura Lebeouf, Kibbie Pillette and Dr. David Dupuis from further participation in any proceeding involving the Plaintiff before the school board.  The keystone of due process is a hearing before an impartial and unbiased adjudicative body.  Plaintiff has been denied notice and a hearing.  It cannot be said that if a hearing is undertaken, Defendants Lebeouf, Pillette and Dupuis would be unbiased and impartial.  Their hostility to the Plaintiff cannot be disputed.  The three have consistently pursued the termination of Plaintiff as superintendent of the Vermilion Parish School District. Defendant Lebeouf has refused to allow the Plaintiff to speak at school board meetings.  In order to speak, Plaintiff must avail himself of the time reserved for public comment; three minutes.  Kibbie Pillette has termed plaintiff a trespasser and called for his arrest.  David Dupuis has supported both Lebeouf and Pillette in their efforts to terminate the Plaintiff as superintendent.  Their words and actions more than adequately demonstrate that the three are incapable of serving as fair and impartial members of the Vermilion Parish School Board.

For the foregoing reasons, this application for a temporary restraining order should be granted.  Accordingly, the Vermilion Parish School Board should be enjoined from suspending Plaintiff from his duties as superintendent of the Vermilion Parish School District.  Laura Lebeouf, Kibbie Pillette and David Dupuis cannot be

Jerome M.  Puyau v.  Laura Lebeouf, et al; DN: 6:19-CV-1185-RRS-CBW
*Plaintiff's Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue*
Page 7 of 8

fair , impartial and unbiased toward Plaintiff and should be enjoined from any participation as members of the Vermilion Parish School Board  in any proceeding before the Vermilion Parish School Board involving the Plaintiff.

Dated:   **September 14, 2019**                    Respectfully Submitted,

By: *[s]Brett L. Grayson*
BRETT L. GRAYSON, (#06268)
850 Kaliste Saloom Rd., Suite 120
Lafayette, Louisiana 70508-4230
Telephone: (337) 706-7646
Facsimile: (337) 706-7648
Email: brett.grayson@blgraysonesq.com
ATTORNEY FOR JEROME PUYAU

Jerome M.  Puyau v.  Laura Leboeuf, et al; DN: 6:19-CV-1185-RRS-CBW
*Plaintiff's Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue*
**Page 8 of 8**